## KELLY v
## CATHOLIC DAUGHTERS OF AMERICA

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 19, 1935

R. L. Falls, Youngstown, for plaintiff in error.

Manchester, Ford, Bennett & Powers, Youngstown, for defendant in error.

**OPINION**

By CARTER, J.

First, did the defendants fail to exercise the care required of them in a situation of this kind. If not, then and in that event was the plaintiff himself guilty of contributory negligence which precludes recovery?

It is the duty of the owner or occupier of premises to exercise ordinary or reasonable care for the safety of invitees or employes. The authorities are entirely agreed upon the proposition that an owner or occupant of land and buildings who directly or by implication invites or induces others to go thereon or therein, owes to such persons a duty to have his premises in a reasonably safe condition and to give warning of latent or concealed perils of which he has knowledge. However, he is not an insurer of the safety of such.

An owner of property is not liable in all events for injuries occurring to invitees or servants while on or working on the premises. He is required to exercise reasonable, or, as it is often expressed, ordinary care. There is another principle governing invitees or employes, and that is that the owner of real estate is not bound to make it safe for any purpose for which he could not reasonably anticipate it would be used, or in a mode for which it was obviously never designed.

In the case at bar, could it be reasonably anticipated that the gutter was constructed for the purpose for which it was being used at the time, to-wit, to rest a scaffold thereon? It is true the contractor did have a rope with hook fastened over the roof, which no doubt was an aid to the support of the scaffold. However, it was so negligently attached that before the slack could be taken up, the scaffold was thrown some four or six inches out of line. The plaintiff, through entering into this contract, was fully aware of the fact that the building was out of repair, that there were decayed boards to be replaced, and that he was to fix the gutters and paint them. He was notified generally of the condition of the house by reason of the fact that it needed more than paint. He was a man of experience in this work and it appears to this court that one without any knowledge of this character of work would scarcely do the thing that plaintiff did in the construction of this scaffold.

In the case of **Cucora v Crisby, 24 Oh Ap 457 (5 ABS 164)**, the plaintiff was a tinner and he was in the employ of an independent contractor, engaged in connection with the remodeling and repairing of the defendant's house. At the time of his injury plaintiff was engaged in the repair of a gutter under a dormer window, which had not fully been completed, the frame of which was left insecurely fastened. Plaintiff was standing on a ladder, had completed his work at a cornice of the window and desired to finish the other cornice. Instead of climbing down the ladder and moving it, he climbed along a narrow ledge beneath the window and attempted to hold himself by putting his arm over the window sash, which gave way. In that case the court denied recovery on the ground that the injury resulted from an unusual, if not an unnecessary, use of defendant's property; that plaintiff subjected the window frame to a use for which it was not ordinarily intended, and which placed it under a greater strain than it would have been called upon to meet for its legitimate and ordinary uses.

It is clear that the purpose of the gutter or eave spout is to carry the water accumulating upon the roof and not as a foundation for the construction of a scaffold. There are many other cases to the same effect. In the case of Finjoy v Seales, 29 Cal., 243, a house painter in that case fell from a scaffold which he had suspended to a cornice of a house. It was held that there was no duty to construct the cornice sufficiently strong for a purpose for which it never was designed.

Assuming that the defendant was negligent; in other words, that they did not exercise ordinary or reasonable care with reference to the inspection of this building, and notifying the plaintiff of its condition, was the plaintiff himself guilty of contributory negligence directly and proximately contributing to his injuries? If so, then, of course, he could not recover. It is the view of this court that plaintiff's own testimony raises a presumption of contributory negligence which has not been rebutted by evidence of equal weight or countervailing evidence.

The case of **Cleveland, Cincinnati, Chicago & St. Louis Railway Company v Lee, Admr., 110 Oh St, 391**, holds:

"In an action involving the negligence of the defendant and the contributory negligence of the plaintiff, when giving to either portion of the plaintiff's evidence the most favorable interpretation in favor of the absence of negligence on his part, such evidence under such interpretation is susceptible of no other reasonable inference than that of negligence on his part, directly contributing to his injury, the question of contributory negligence ceases to be a question of fact for the determination of the jury, but for the purpose of the case becomes an uncontraverted fact for a declaration by the court of the law applicable thereto. It is the duty of the court in such case to direct a verdict."

The plaintiff was duty bound to exercise ordinary care for his own safety in connection with this work. He can not close his eyes and rely solely upon the owner of the building in that regard. If so, contributory negligence could never be a defense in a case of this kind.

**Vol. 26, Ohio Jurisprudence**, under the subject of **"Master and Servant", page 350**:

"If an employe is in as good a position as his employer for ascertaining and understanding the situation, and equally well knows and appreciates the conditions, he can not be allowed to complain for injuries sustained by working therein, but must be held to have assumed the risk. If the employe knew or ought to have known of the danger, or. if he had equal means with the employer of knowing, he can not recover."

The author cites a number of Ohio cases to this effect. On page 435 it is said:

"It is obvious that one who is employed for the express purpose of making a dangerous place, safe, necessarily has knowledge of the risk and in accepting such employment assumes the risk of injury from such dangerous condition."

On page 430:

"An employe assumes the risks of the natural, obvious and known dangers of his employment and of the hazards which observation would bring to his knowledge. An employe experienced in the services in which he is engaged is bound and is conclusively held to appreciate the dangers which may arise from defects of which he has or in the exercise of due care might have knowledge, and a failure to do so is no excuse."

If this court assumes that the defendant was guilty of negligence in the premises, we are satisfied in the light of all the evidence in this case that the plaintiff was guilty of contributory negligence, which directly and proximately contributed to the injuries and damages of which he complains, and for this reason the lower court was right in directing a verdict at the conclusion of plaintiff's testimony in favor of the defendant.

Judgment affirmed.

ROBERTS and NICHOLS, JJ, concur.